UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER BUENROSTRO-BRIANO, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DARRELL LOCKE, et al., <br><br> Defendants. | No. 1:19-cv-01382-NONE-SAB <br><br> <u>ORDER DISMISSING PARTIES AND CLAIMS AND DIRECTING CLERK OF COURT TO TERMINATE MARIA BRIANO, FRANCISCO PACHECO, AND LUIS FRAUSTO-VICENCIO AS PARTIES IN THIS ACTION</u> <br><br> (Doc. No. 22) |

On October 2, 2019, plaintiffs Jennifer Buenrostro-Briano and Maria Briano filed this action against defendants Darrell Locke ("Locke"), in his individual and official capacity, Luis Frausto-Vicencio ("Frausto"), in his individual and official capacity, and Francisco Pacheco ("Pacheco"), in his individual and official capacity.  (Doc. No. 1.)  Plaintiffs' complaint asserts the following claims against all defendants:  (1) excessive force in violation of the Fourth Amendment arising under 42 U.S.C. § 1983; (2) unlawful detention in violation of the Fourth Amendment also arising under 42 U.S.C. § 1983; (3) violation of the Bane Act, California Civil Code § 52.1; (4) state law battery; (5) a state law negligence; (6) a false imprisonment; and (7) false arrest.  (Doc. No. 1.)

On December 10, 2020, the parties filed a stipulation for partial dismissal.  (Doc. No. 22.) The parties proffer that on October 9, 2020, they conferred regarding the filing of a motion for summary judgment and the parties agreed to dismiss the following parties and claims:

(1) plaintiffs agreed to dismiss defendants Pacheco and Frausto; (2) plaintiffs agreed to dismiss all claims brought by plaintiff Maria Briano; and (3) plaintiffs agreed to dismiss plaintiff Jennifer Buenrostro-Briano's claims for unlawful detention/seizure pursuant to 42 U.S.C. § 1983, and related state law claims for false arrest. (*Id.* at 2.) Given this agreement, defendants did not move for summary judgment as to any of Maria Briano's claims or on behalf of defendants Pacheco or Fausto. (*Id.*)[1] The parties state they were unable to reach an agreement regarding the dismissal of plaintiff Jennifer Buenrostro-Briano's claims for excessive force pursuant to 42 U.S.C. § 1983 and related state law claims against defendant Locke. (*Id.*)

The parties request the court enter the stipulation on the following terms: (1) plaintiff Maria Briano withdraws her claims as alleged in the complaint; (2) defendants Pacheco and Frausto should be dismissed from this action upon court approval; (3) plaintiff Jennifer Buenrostro-Briano dismisses the second claim for unlawful detention/arrest pursuant to the Fourth Amendment and 42 U.S.C. § 1983, the sixth claim for false imprisonment/illegal detention, and the seventh claim for false arrest. (*Id.* at 2–3.) Thus, the only remaining claims would be plaintiff Jennifer Buenrostro-Briano's: first claim against defendant Locke for excessive force pursuant to the Fourth Amendment arising under 42 U.S.C. § 1983; third claim against defendant Locke pursuant to the Bane Act; fourth claim against defendant Locke for state law battery; and fifth claim against defendant Locke for state law negligence. (*Id.* at 3.) Additionally, each side agrees to bear its own fees and costs pertaining to the litigation regarding defendants Pacheco and Frausto. (*Id.*)

First, the court finds it appropriate to dismiss plaintiff Maria Briano's claims entirely, as well as to dismiss defendants Pacheco and Frausto, pursuant to Federal Rule of Civil Procedure 41. Fed. R. Civ. P. 41(a)(1)(A)(ii); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

As for the stipulated dismissal of individual claims between remaining plaintiff Jennifer Buenrostro-Briano and defendant Locke, the Ninth Circuit has held that Federal Rule of Civil

---

[1] The court notes that these facts and agreement are reflected in the preliminary statement of the motion for summary judgment, as well as the substantive aspects of the motion. (Doc. No. 18-1 at 2.)

Procedure 41(a)(1) cannot be used to dismiss individual claims against defendants, and that Rule 15 is the proper mechanism to do so. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) ("In the specific context of Rule 41(a)(1), we have held that the Rule does not allow for piecemeal dismissals. Instead, withdrawals of individual claims against a given defendant are governed by [Rule 15]."); *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1392 (9th Cir. 1988) (holding a plaintiff cannot use Rule 41 "to dismiss, unilaterally, a single claim from a multi-claim complaint."); *but see Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) ("The Plaintiff may dismiss some or all of the defendants, or some or all of his claims, through a Rule 41(a)(1) notice."). The court therefore construes the parties' stipulation to dismiss the individual causes of action as consent to amend the complaint under Rule 15. *See Hells Canyon Pres. Council*, 403 F.3d at 689 ("The fact that a voluntary dismissal of a claim under Rule 41(a) is properly labeled an amendment under Rule 15 is a technical, not a substantive distinction.") (quoting *Nilssen v. Motorola, Inc.*, 203 F.3d 782, 784 (Fed. Cir. 2000)). Therefore, the Court will give full effect to the parties' stipulation through a Rule 15 amendment.

Accordingly, IT IS HEREBY ORDERED that pursuant to the parties' stipulation:

1. Plaintiff Maria Briano's action against all defendants is dismissed[2];
2. Defendants Franscisco Pacheco and Luis Frausto-Vicencio are dismissed from this action, with each side to bear its own fees and costs pertaining to the litigation regarding these defendants;
3. The Clerk of the Court is DIRECTED to terminate plaintiff Maria Briano, defendant Franscisco Pacheco, and defendant Luis Frausto-Vicencio. as parties in this action; and

/////
/////
/////
/////

---

[2] The court notes that the stipulation does not specify whether any dismissal is with or without prejudice, and thus any dismissal is without prejudice. Fed. R. Civ. P. 41(a)(1)(B) ("Unless the notice or stipulation states otherwise, the dismissal is without prejudice.").

3

4. Plaintiff Jennifer Buenrostro-Briano's operative complaint is DEEMED AMENDED and the second cause of action for unlawful detention/arrest pursuant to the Fourth Amendment, the sixth cause of action for false imprisonment/illegal detention, and the seventh claim for false arrest, are WITHDRAWN and no longer alleged against defendant Darrell Locke.

IT IS SO ORDERED.

Dated:   **December 22, 2020**                    /s/ Dale A. Drozd
                                               UNITED STATES DISTRICT JUDGE